IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr31 |
| | ) | |
| FELTON LEROY SMITH, | ) | |
| | ) | |
| *Defendant*. | ) | |

**GOVERNMENT'S POSITION WITH RESPECT TO**
**SENTENCING FACTORS IN THE PRESENTENCE REPORT**

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the presentence report (PSR) prepared by the United States Probation Officer. After reviewing the Presentence Investigation Report and applying the factors of Title 18, United States Code, Section 3553(a) to this case, the government's position is that a sentence of 12 months and one day of imprisonment is sufficient, but not greater than necessary to accomplish the statutory goals of sentencing.

**I.    The United States Has No Objection to the PSR**

The United States hereby represents that it has no objection to the facts, the findings or to the calculations of the presentence report. The United States does not intend to call witnesses or present evidence at the sentencing hearing.

**II.   A Sentence of 12 Months and One Day of Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.*

at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 128 S. Ct. 558 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. App'x 272 at *1 (4th Cir. 2008) (*United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying

2

these sentencing factors to the facts of this case demonstrates that a sentence of 10 to 16 months of incarceration is appropriate and reasonable.

### A. Nature and Circumstances of the Offense

The facts as laid out in the PSR demonstrate that the defendant failed to surrender for service of sentence and further made a false statement or representation to a Deputy U.S. Marshal. Defendant had already been sentenced to a term of 10 months for bankruptcy fraud. He had remained on bond pending determination of his self-surrender to the U.S. Marshals' Service or to an FCI institution, if designated. Defendant thereafter requested a short continuance for self-surrender to February 1, 2016. On that date, he failed to self-surrender to the U.S. Marshals or to an FCI in northern West Virginia. Defendant was ultimatley arrested on March 4, 2016, at the job site he had been working with for several years. Defendant made no attempt to flee. When asked to see the arrest warrant he had been served, he stated that the name on the warrant was not his name.

### B. History and Characteristics of the Defendant

The defendant is a 58-year old man with a spouse whom he married in 1992. He has no young children, and his wife has two adult children. The defendant has a criminal history score of 4, and he is properly categorized as Criminal History Category III. The defendant also appears to be in good physical condition with no history of any substance abuse.

### C. Other Relevant Factors

Title 18 U.S.C. § 3553(a)(2) states that the court should fashion a sentence that will serve the various purposes of sentencing. All of the stated considerations are of course relevant, but given the pattern of conduct exhibited by the defendant, the government emphasizes the need for the sentence to provide just punishment and to afford adequate deterrence. With regard to deterrence, the government's concern is that, should the sentence in this case not be severe enough,

3

the defendant will return to fraudulent criminal activity to pay off his substantial restitution debt. The government's position is that a sentence within the advisory guideline range would foreclose any thoughts along those lines, as well as address the other Section 3553 factors mentioned above. Furthermore, the Court must consider the societal goal of general deterrence. Overall, the sentence imposed should reflect the economic costs the public is forced to bear, in order to prevent the theft of private funds, and to detect and deter fraudulent behavior.

## III.　Conclusion

For these reasons, as well as those to be articulated during the sentencing hearing on this matter, the United States respectfully requests that the Court sentence the defendant to 12 months and one day of imprisonment.

DANA J. BOENTE
UNITED STATES ATTORNEY

By:     /s/
Stephen W. Haynie
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address – seve.haynie@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lawrence Hunter Woodward, Esq.
317 30th Street
Virginia Beach, VA 23451
lwoodward@srgslaw.com

I hereby certify that on the 27th day of October, 2016, a true copy of the foregoing government's response was sent via electronic mail copy to:

Karen R. Franklin
United States Probation Office
837 Diligence Drive, Suite 210
Newport News, Virginia 23606
karen_franklin@vaep.uscourts.gov

                                         /s/
                                         Stephen W. Haynie
                                         Assistant United States Attorney
                                         Attorney for the United States
                                         United States Attorney's Office
                                         101 West Main Street, Suite 8000
                                         Norfolk, Virginia 23510
                                         Office Number (757) 441-6331
                                         Facsimile Number (757) 441-6689
                                         E-Mail Address – steve.haynie@usdoj.gov